884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MILLS DATSUN, INC., Plaintiff-Appellant,
v.
JAGUAR CARS, INC., Defendant-Appellee.
 No. 88-4042.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1989.
 
 Before ENGEL, Chief Judge, KEITH and BOYCE F. MARTIN, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Mills Datsun, Inc. appeals the district court's judgment for Jaguar Cars, Inc. in this breach of contract action. We affirm the decision of the district court.
 
 
 2
 The facts in this case are not disputed by the parties. Mills Datsun was one of two retail dealerships in the Cleveland area authorized to sell Jaguar automobiles. On September 28, 1984, Jaguar Cars notified Mills in writing that the Dealer Agreement between Jaguar and Mills, which was to expire on December 31, 1984, would not be renewed. Jaguar declined to renew Mills' franchise as part of a nationwide dealer rationalization program in which marginal dealerships were eliminated. It is undisputed that, during the early 1980's, Mills had sold very few Jaguar automobiles and that the other Jaguar dealer in Cleveland had had much greater success in promoting and selling its automobiles.
 
 
 3
 Mills subsequently filed a three count complaint against Jaguar, pursuant to Section 4517.55 of the Ohio Revised Code, requesting equitable relief and damages for the alleged wrongful termination of its franchise. Only the third count of the complaint included a demand for a jury trial. On September 20, 1988, Mills filed a Motion to Issue a Nunc Pro Tunc Judgment Entry specifying that a jury trial be provided for the issues regarding damages in all three counts of the complaint. On September 22, the district judge denied Mills' motion and ordered that the trial proceed in its entirety before the court without a jury. The bench trial began on September 26 and was concluded on September 28, with the court finding for Jaguar on all counts. The district court issued its memorandum opinion on November 3, 1988.
 
 
 4
 On appeal, Mills primarily contends that the district court erred in finding that Jaguar had "good cause" under Ohio Revised Code Sec. 4517.55 to terminate Mills' franchise. More specifically, Mills argues that the district court improperly considered Jaguar's "business judgment" as a factor in determining good cause for termination of the franchise and that the district court's finding of good cause was against the manifest weight of the evidence.
 
 
 5
 We disagree with Mills' contention. Under Ohio law, a franchisor may terminate or fail to renew a franchise for "good cause." In determining whether good cause for termination of a franchise has been established, the court, according to Ohio Rev.Code Sec. 4517.55(A), "shall take into consideration the existing circumstances, including, but not limited to", seven factors specifically listed in the statute. Thus, the plain language of Sec. 4517.55(A) does not support Mills' position. By its terms, the statute is nonexclusive, thereby allowing the district court to include the "business judgment" of the franchisor among the factors it may consider when determining whether a franchise was terminated for good cause. In addition, we believe the district court's finding that Jaguar had good cause for not renewing Mills' franchise to be supported by the evidence. In any case tried to the court, the district court's findings of fact will be set aside by a reviewing court only if they are clearly erroneous. As stated in United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948), a finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In this case, the district court found that Mills, by refusing to accept Jaguar automobiles when available in 1980 and 1981, did not even do the amount of business available to it. The district court also found that the impact on the public from Mills' termination as a franchisee would be negligible. These two factors are specifically listed in Sec. 4517.55(A) as factors for the court to consider when determining whether good cause has been established for the termination of a franchise. Mills has not presented evidence to persuade this court that these specific findings by the district court are clearly erroneous, as defined by United States Gypsum. Because the district court did examine the evidence in light of the criteria set forth in the applicable statute and because the court's findings are not clearly erroneous, we affirm the district court's conclusion that Jaguar had good cause to refuse to renew Mills' franchise.
 
 
 6
 The other arguments raised by Mills are also unmeritorious. Mills contends that the district court improperly determined that the applicable Ohio statute would be unconstitutional under the commerce clause if the statute were interpreted the way Mills urged the court to read it. We believe that the district court avoided making any constitutional determination. In its opinion, the district court stated that a constitutional challenge to the Ohio statute would lie if the statute were construed as Mills argued; however, the court noted that it need not determine the constitutional issue because an interpretation of the plain language of the statute did not support Mills' position. Thus, the district court properly avoided raising any constitutional issue at all, Lorillard v. Pons, 434 U.S. 575, 577 (1978), and we believe that Mills has raised no meritorious constitutional claim on appeal.
 
 
 7
 Finally, we hold that the district court was correct in ordering Mills' claims to proceed to trial before the court without a jury. Rule 38(b) of the Federal Rules of Civil Procedure requires a party to demand a jury trial for issues triable to a jury. It is clear from Mills' complaint that Mills did not demand a jury trial on Counts I and II. Given Mills' failure to request a jury trial on Counts I and II, we decline to reverse the district court's decision denying Mills' belated motion for the court to order a jury trial on these two counts. We also uphold the district court's decision not to order a jury trial on Count III of the complaint. Although Mills did request a jury trial on Count III in its complaint, Mills failed to provide the court, as requested, with proposed jury instructions on that count in its pretrial brief. Moreover, Mills was not improperly deprived of its right to a jury trial because it apparently failed to raise in Count III any disputed issues of material fact requiring resolution by a jury. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979). (A party in a civil case is not entitled to a jury trial unless and except so far as there are issues of fact to be determined.) Given Mills' failure to offer evidence to support its claim in Count III of "misrepresentations" by Jaguar, we affirm the district court's refusal to order a jury trial.
 
 
 8
 Based on the foregoing reasons, we affirm the judgment of the district court.